Law Offices
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Facsimile: (612) 305-1414
www.mcmlaw.com

Tim A. Staum
Attorney at Law
(612) 305-1474
tas@mcmlaw.com



MACKALL CROUNSE MOORE PLC

February 4, 2013

Honorable Susan Richard Nelson
U.S. District Judge
United States District Court
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

    Re:    Chicago Title Insurance Company, et al v. Sportsmens Contracting, Inc., et al.
           Case No. 11-CV-03314 SRN/AJB

Dear Judge Nelson:

    At oral argument, your Honor requested additional case law in the Eighth Circuit supporting the position of Chicago Title Insurance Company ("CTIC") that Cushman Realty, Inc. and Todd Cushman ("Cushman Defendants") engaged in a "pattern" of racketeering activity, as relating to CTIC's RICO claims. This letter is in response to that request. The case law referenced below supports CTIC's position in at least three respects, including the following: (1) the Supreme Court and the Eighth Circuit have made clear that multiple predicate acts within one single scheme are sufficient for meeting RICO's "pattern" requirement; (2) the Eighth Circuit and the Minnesota Federal District Court have held on at least two occasions that this Court may consider evidence of a defendant's participation in other related schemes not directly at issue in a lawsuit in order to satisfy RICO's "pattern" requirement; and (3) the Eighth Circuit has articulated that "the existence of a pattern is a question of fact." For these reasons, as further detailed below, the Cushman Defendants' motion for summary judgment on CTIC's RICO claims should be denied.

    RICO defines a "pattern of racketeering activity" as "requiring at least two acts of racketeering activity" occurring within certain time frames. 18 U.S.C. § 1961(5) (1988). The concept of a "pattern" requires proof "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769 (8th Cir. 1992). Multiple predicates within a single scheme are encompassed within the RICO statute as long as the relationship and continuity elements are met. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999); see also *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991)(...[A] a single scheme can constitute a RICO claim. However, the single scheme must still meet the requirements of relatedness and continuity); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240-241 (1989) (But although proof that a RICO defendant has been involved in multiple criminal schemes would certainly be highly relevant to the inquiry into the continuity of the defendant's racketeering activity, it is implausible to suppose that Congress thought continuity might be shown only by proof of multiple schemes). Ultimately, the existence of a pattern is a question of fact. *Terry A. Lambert Plumbing*, at 980.

Honorable Susan Richard Nelson
February 4, 2013
Page 2

Continuity can be shown through closed-ended continuity or open-ended continuity. *Lange v. Hocker*, 940 F.2d 359, 361 (8th Cir. 1991). A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicate acts extending over a substantial period of time. *H.J. Inc.*, at 240-43. In the case of open-ended continuity, a plaintiff need not establish that the related predicate acts extended over a long period of time, but need only show that such acts, at the time they were committed, posed a threat of continuity. *Id.* Subsequent events are irrelevant to the continuity determination...because "in the context of an open-ended period of racketeering activity, the threat of continuity must be viewed at the time the racketeering activity occurred." *United States v. Busacca*, 936 F.2d 232, 238 (6th Cir.1991)(emphasis added). "The lack of a threat of continuity of racketeering activity cannot be asserted merely by showing a fortuitous interruption of that activity such as by an arrest, indictment or guilty verdict." *Id.*; see also *Blue Cross & Blue Shield of Michigan v. Kamin*, 876 F.2d 543, 545 (6th Cir.1989) (finding that continuity was established because, if the defendant had not been caught, there was no reason to believe he would not still be submitting fraudulent insurance claims); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 729 (6th Cir.2006) (Moore, J., concurring) (stating that the court should not consider events that transpired after the alleged racketeering acts ended when determining whether a threat of long-term racketeering activity has been properly alleged).

Predicate acts threaten future criminal conduct if: (1) they inherently involve a distinct implicit or explicit threat of long-term racketeering activity; or (2) they are a regular way of conducting the defendant's ongoing business. *H.J. Inc.*, at 243.

As to relationship, acts of racketeering activity such as mail and wire fraud are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Sebrite Agency, Inc. v. Platt*, 11-CV-3526 PJS/SER, 2012 WL 3238281 (D. Minn. Aug. 7, 2012) (citing *Handeen v. Lemaire*, 112 F.3d 1339, 1353 (8th Cir. 1997) (*quoting H.J. Inc.*, at 239.

Both the Eighth Circuit and the Federal District Court for the District of Minnesota have previously held that the District Court may consider two or more acts of racketeering "related" for purposes of RICO's pattern requirement regardless of whether or not they were perpetrated on the same victim and regardless of whether the acts are directly at issue in a given lawsuit. See *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769 (8th Cir. 1992); *Heaven & Earth, Inc. v. Wyman Properties Ltd. P'ship*, CIV. 03-3327 DWF/SRN, 2003 WL 22680935 (D. Minn. Oct. 21, 2003). Both the *Diamonds Plus* case and the *Heaven & Earth* case stand for the proposition that the District Court may look to other predicate acts not directly at issue in a given lawsuit to determine whether a Defendant was engaged in a pattern of racketeering activity, regardless of whether those other related acts damaged the plaintiff. *Id.* In *Diamonds Plus*, the Eighth Circuit Court held that Appellants were engaged in a pattern of racketeering because they had perpetrated a nearly identical scheme on a number of other victims who were not parties to the litigation. Id., at 769. In *Heaven & Earth*, the Minnesota District Court held that the Defendant

MACKALL CROUNSE & MOORE, PLC

Honorable Susan Richard Nelson
February 4, 2013
Page 3

landlord had engaged in a pattern of racketeering activity because he had operated the same or similar scheme on tenants other than the named Plaintiff. *Id.*, at *9.

In the case at bar, the facts set forth by CTIC establish that the Cushman Defendants were engaged in a pattern of racketeering activity because: (1) they committed multiple predicate acts of mail, wire and financial institutions fraud relating to a single scheme on Parcel 1 (specifically relating to the Seller/Facilitator Services Agreement, HUD-1, Additional Disbursements Exhibit, delivery of a fraudulent "down payment," and receipt of illegitimate commissions out of closing); and (2) they admittedly participated, in 15-25 fraudulent straw buyer mortgage fraud transactions, which involved the same or similar purposes, results, participants and methods of commission as the fraudulent scheme on Parcel 1. Cushman's admissions in this regard, in addition to Todd Cushman's guilty plea to an essentially identical scheme, establishes that the Cushman Defendants' participation in straw buyer mortgage fraud schemes were not isolated events, but a regular way of conducting business—a business which likely would have continued indefinitely but-for Todd Cushman's subsequent criminal conviction.

For these reasons, as well as those contained in CTIC's previous submissions, CTIC respectfully requests this Court deny the Cushman Defendants' motion for summary judgment as it relates to the subject RICO claims.

Sincerely,

MACKALL, CROUNSE & MOORE, PLC

Tim A. Staum

cc: Daniel Sathre, Esq.
    Matthew A. Anderson, Esq.

3203251.1-TAS