

February 18, 2013

Honorable Susan Richard Nelson
U.S. District Judge
United States District Court
774 Federal Building
316 N. Robert Street
St. Paul, MN  55101

Re:   Chicago Title Insurance Company, et al. vs. Sportsmens Contracting, Inc., et al.
      Court File Number:  11-CV-03314 SRN/AJB

Dear Judge Nelson:

Defendants Cushman Realty, Inc. and Todd Cushman (the "Cushman Defendants") submit this letter in response to Plaintiff Chicago Title Insurance Company's ("CTIC") letter to the Court dated February 4, 2013, where CTIC addressed the Court's request for additional commentary on the "pattern" element of CTIC's RICO claims against the Cushman Defendants.  It was my intention to file this last week, but my legal assistant who handles all of my filing tasks was out with the flu all week.

In their written correspondence, Chicago Title maintains that the Cushman Defendants engaged in a pattern of racketeering activity because "they committed multiple predicate acts of mail, wire and financial institutions fraud relating to a single scheme on Parcel 1."  Chicago Title's claim lacks merit because although the pattern element of a RICO claim can be established through evidence of multiple predicate acts relating to a single scheme, each one of those predicate acts must cause a distinct injury to constitute a pattern.  This was the issue in *Heaven & Earth, Inc. v. Wyman Properties Ltd. P'ship*, CIV. 03-3327 DWF/SRN, 2003 WL 22680935 (D. Minn. Oct. 21, 2003), a case cited by Chicago Title and a matter in which you had direct involvement in your capacity as Magistrate Judge.  In *Heaven & Earth*, the plaintiffs successfully distinguished their RICO claim from the claim in *Klehr v. A.O. Smith Corp.*, 87 F.3d 231 (8th Cir. 1996).  The plaintiffs in *Klehr* argued that their RICO claim was not time barred because some of the alleged predicate acts occurred within the limitations period and that each predicate act constituted a separate injury.  *Klehr* at 239.  The court rejected this argument, finding that the series of alleged misrepresentations were "one, continuous injury."  *Id.*  In *Heaven & Earth*, the court denied the defendants' motion to dismiss the RICO claim because it found that the plaintiff's complaint, in contrast to the complaint in *Klehr*, alleged *multiple* distinct injuries stemming from the multiple predicate acts.

In this case, assuming for sake of argument that the Cushman Defendants engaged in multiple predicate acts, which the Cushman Defendants deny for the reasons articulated in their written summary judgment submissions, Chicago Title does not allege in its Complaint that it suffered multiple distinct injuries stemming from these alleged multiple predicate acts.  The only

complained-of injury stemming from the alleged mortgage fraud scheme was the misappropriation of closing funds related to Parcel 1. Therefore, Chicago Title's RICO claim must fail because it has not established that it suffered multiple distinct injuries stemming from the Cushman Defendants' involvement with Parcel 1.

Chicago Title argues alternatively that it has satisfied the pattern element of RICO because the Cushman Defendants "admittedly participated in 15-25 fraudulent straw buyer mortgage fraud transactions, which involved the same or similar purposes, results, participants and methods of commission as the fraudulent scheme on Parcel 1." Chicago Title has some evidentiary issues with this claim. First, Todd Cushman at his deposition never admitted to participating in 15-25 *fraudulent* mortgage fraud transactions. His testimony was that he had participated in this approximate number of transactions primarily involving deposit verification services. If those services had been illegally provided, Mr. Cushman would certainly have faced criminal prosecution for all of those transactions. The fact that Mr. Cushman was only charged with three criminal violations stemming from three separate mortgage transactions belies Chicago Title's claim on this point.

Chicago Title has also produced no evidence that these alleged fraudulent straw buyer mortgage transactions involved the same participants. Even if Chicago Title is able to produce evidence for pattern purposes that the Cushman Defendants engaged in additional fraudulent mortgage schemes other than Parcel 1, it still must produce sufficient evidence that the Cushman Defendants engaged in this conduct with the other named defendants in order to satisfy the enterprise prong of their RICO claims and to survive this motion for summary judgment. Up to this point, Chicago Title has not produced one shred of evidence tying the Cushman Defendants to any of the other named defendants in any other mortgage fraud schemes. Recognizing its exposure on this point, Chicago Title has requested additional time to conduct discovery, but it has had over a year to do so and has not unearthed any factual support for its claim.

Chicago Title has fallen short in meeting its burden of proof on its RICO claims. The Cushman Defendants respectfully renew their request for summary judgment on these claims.

Very truly yours,

FULLER, SEAVER, SWANSON & KELSCH, P.A.

Chad A. Kelsch
Attorney at Law